Mostak Uddin **AHMED**, Petitioner,

v.

John **ASHCROFT**, Attorney General, Respondent.

No. 02–73100.

Agency No. A75–713–270.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 13, 2004.*

Decided Dec. 17, 2004.

---

* This panel unanimously finds this case suitable for decision without oral argument. See

Reynold E. Finnegan, Esq., Finnegan & Diba A Law Corporation, Los Angeles, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Terri J. Scadron, Esq., Earle B. Wilson, Esq., Washington, DC, for Respondent.

Before SKOPIL, FARRIS, and BOOCHEVER, Circuit Judges.

### MEMORANDUM **

Mostak Uddin Ahmed, a native and citizen of Bangladesh, petitions for review from a summary affirmance by the Board of Immigration Appeals ("BIA") of an Immigration Judge's ("IJ") denial of his request for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We review the IJ's decision as if it were that of the BIA. *see Khup v. Ashcroft,* 376 F.3d 898, 902 (9th Cir.2004), and we deny the petition for review.

The IJ refused to grant a continuance to allow for the completion of the fingerprint check Ahmed submitted to only a day before the hearing. *See* 8 C.F.R. 208.10 ("Failure to comply with fingerprint processing requirements without good cause may result in dismissal of the application or waiver of the right to adjudication by an asylum officer."). Ahmed argues that the IJ's instructions to him and

Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

his counsel regarding the need to allow four months at most and two months at least for a fingerprint check provided inadequate notice and thus violated due process.

To prevail on his due process claim Ahmed must show "substantial prejudice" from the alleged violation. *See Lara–Torres v. Ashcroft,* 383 F.3d 968, 973 (9th Cir.2004). He cannot show that prejudice here, because the IJ also denied his asylum and withholding of deportation claim on the merits, and that denial is supported by substantial evidence. Ahmed had lived in Chittagong, three hundred miles from the site of his and his family's persecution for three years without incident. His family had lived there as well without any instances of political persecution. He therefore did not meet his burden to show a well-founded fear of future persecution, because of the evidence, based on his own testimony, that "relocation within [the country] is a safe and reasonable alternative to asylum." *See Mashiri v. Ashcroft,* 383 F.3d 1112, 1122 (9th Cir.2004). Ahmed's brief on appeal does not argue his CAT claim, but we note that given his safe residence in Chittagong, he has not shown that it is more likely than not that he would be tortured upon his return to Bangladesh. *See Khup,* 376 F.3d at 907.

PETITION FOR REVIEW DENIED.